IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | |

## JOINT CASE MANAGEMENT PLAN PURSUANT TO RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff and Defendants in the above entitled and numbered cause and files this their Joint Case Management Plan Pursuant to Rule 26(f), and would respectfully show unto the Court as follows:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   **Counsel for Plaintiff, Richard Hoffman, and Counsel for Defendants, C. Frank Wood and Dennis Sanchez, have conferred on several occasions during the pendency of this case regarding medical expenses allegedly associated with Plaintiff's alleged injuries, as well as alternative methods of resolving this dispute without incurring the cost and time associated with presenting this case to the Court or a jury.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Plaintiff and Defendants are not aware of any pending cases in any state or federal court relating to this one.**

3. Briefly describe what this case is about.

   **Plaintiff brought this action under a theory of negligence for alleged injuries suffered while under the employ of Defendant.**

4. Specify the allegation of federal jurisdiction.

   **Defendant Valley Trucking Company, Inc. removed this action based on its subscription to a certain employee benefit program governed by the Employment Retirement Security Act of 1974 ("ERISA") as set out in 29 U.S.C.A. §1001 et seq. This Court has original jurisdiction over Plaintiff's Original Petition and Complaint pursuant to 28 U.S.C.A. § 1331 as it involves an action "arising under the laws" of the United States.**

5. Name the parties who disagree and the reasons.

   **Both Plaintiff and Defendant agree that the Court has jurisdiction over this action.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **At this time, there are no anticipated additional parties that should be included.**

7. List anticipated interventions.

   **At this time, there are no anticipated interventions.**

8. Describe class action issues.

   **Not applicable.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties agree that initial disclosures pursuant to Rule 26(a) shall be made within ten (10) days of the filing of this pleading.**

10. Describe the proposed agreed discovery plan, including:
    a. Responses to all the matters raised in Rule 26(f);

    **See responses to parts (b) through (h) below.**

    b. When and to whom the plaintiff anticipates it may send interrogatories;

    **Plaintiff anticipates sending interrogatories and other written discovery to Defendants by October 15, 2003.**

c. When and to whom the defendant anticipates it may send interrogatories;

**Defendant anticipates sending interrogatories and other written discovery to Plaintiff by November 15, 2003.**

d. Of whom and by when the plaintiff anticipates taking oral depositions;

**Plaintiff anticipates taking the oral deposition of at least Dr. Mark Bailey. Plaintiff anticipates that oral depositions can begin by November 1, 2003, and can be completed by November 30, 2003. Through the discovery process it may become apparent that other and further deposition may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered.**

e. Of whom and by when the defendant anticipates taking oral depositions;

**Defendants anticipate taking the oral deposition of at least Melquiades Garcia. Defendants anticipate that oral depositions can begin by November 15, 2003, and can be completed by December 15, 2003. Through the discovery process it may become apparent that other and further deposition may be required. Therefore, upon the discovery of other deponents, this Joint Case Management Plan may be amended and the afore mentioned dates altered.**

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

**Plaintiff will designate its experts and provide their reports by November 30, 2003, and Defendants will designate its responsive experts and provide their reports by December 15, 2003.**

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report); and

**All expert depositions can be completed by February 1, 2004. The identity of the experts is not known at this time.**

    h.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

    **All expert depositions can be completed by February 15, 2004. The identity of the experts is not known at this time.**

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties agree.**

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13.    State the date the planned discovery can reasonably be completed.

**Planned discovery can reasonably be completed by March 1, 2004.**

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**At the appropriate time, and after reasonable discovery, the parties will consider voluntary mediation.**

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have discussed future negotiation plans and the merits of the parties' claims and defenses.**

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state which technique may be effectively used in this case.

**Mediation may be suitable after some discovery has been conducted.**

17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.

**The parties do not consent to trial before a magistrate judge at this time.**

18. State whether a jury demand has been made and if it was made on time.

    **A jury demand has not been made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The parties agree this case will take approximately Eight (8) hours, or approximately One (1) day to present evidence in this case.**

20. List pending motion that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    **None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Plaintiff filed its Disclosure of Interested Parties on June 17, 2003.**
    **Defendant filed its Disclosure of Interested Parties on June 4, 2003.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff:**

**Mr. Richard S. Hoffman**
State Bar No. 09787200
Federal Bar No. 6147
**LAW OFFICES OF**
**RICHARD S. HOFFMAN**
1718 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 982-544-2345- Telephone
(956) 982-1909 - Facsimile

**Counsel for Defendants:**

C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, LLP
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731 - Telephone
(956) 546-3731 - Facsimile

_____
Counsel for Plaintiff

_____
Counsel for Defendant

9.9.03
Date

9/9/03
Date