

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 2 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
|     Defendants. | § | |

## JOINT PRETRIAL ORDER

1.  ***Appearance of Counsel***

    FOR PLAINTIFF:

    > Ms. Chellis Neal Gonzalez
    > Federal Bar No. 34251
    > Mr. Richard S. Hoffman
    > State Bar No. 09787200
    > Federal Bar No. 6147
    > ATTORNEYS AT LAW
    > 302 Kings Highway, Suite 112
    > Brownsville, Texas 78520
    > Telephone:    (956) 544-2345
    > Facsimile:    (956) 554-3248

    FOR DEFENDANTS:

    > C. Frank Wood
    > State Bar No. 24028136
    > Federal Bar No. 29870
    > Dennis Sanchez
    > State Bar No. 17569600
    > Federal Bar No. 1594
    > SANCHEZ, WHITTINGTON, JANIS
    > & ZABARTE, L.L.P.
    > 100 North Expressway 83
    > Brownsville, Texas 78521-2284

Telephone:    (956) 546-3731
Facsimile:    (956) 546-3765 or 3766

**2.    _Statement of the Case_**

Plaintiff, Meliques Garcia, brought this action against Defendants, Valley Trucking Company, Inc. and Dwayne Tyner, for alleged injuries to his shoulder suffered on or about the 15th day of April, 2001, while performing yard work at the residence of Defendant Tyner. Plaintiff Garcia is suing to recover for past and future medical expenses, past and future pain and suffering, past and future lost income, and past and future emotional distress, allegedly suffered as a result of his injury. Plaintiff Garcia was employed by Valley Trucking Company, Inc. at the time and was performing work at the home of the president of the company, Defendant Tyner. Valley Trucking Company, Inc. was not a subscriber to Texas Worker's Compensation at the time of the accident.

**3.    _Jurisdiction_**

This Court has jurisdiction over this matter in that Defendants' removed this case because they subscribed to a certain ERISA plan. Accordingly, jurisdiction is vested in 28 U.S.C.A. §1331 and the doctrine of preemption.

**4.    _Motions_**

There are no pending motions on file.

**5.    _Contentions of the Parties_**

a.    Plaintiff contends that while employed by Valley Trucking Company, Inc. he was directed to perform work at the home of the company's president. While doing the work, he was injured. Defendant Dwayne Tyner, the homeowner, and Defendant Valley Trucking Company, Inc., the employer, were both negligent in failing to provide for a safe work environment and failing to provide proper instructions, proper manpower and proper equipment to Plaintiff Garcia.

b.    Defendant Dwayne Tyner contends that he is not liable in the capacity in which he is sued in that Plaintiff was an employee of Defendant Valley Trucking Company, Inc., a duly formed and existing company under the laws of the State of Texas, and was acting within his scope of employment when the alleged injury took place.

c.    Defendant Valley Trucking Company, Inc. contents that it is not liable to Plaintiff for the alleged injury he suffered in that Defendant Valley Trucking Company, Inc. was not negligent in training, supervising, or providing proper equipment to Plaintiff.

**6.    _Admission of Fact_**

a.    Plaintiff suffered an injury to his shoulder requiring medical treatment and surgery.

    b.     Plaintiff incurred approximately $14,000.00 in medical expenses.

    c.     Plaintiff is an employee of Defendant Valley Trucking Company, Inc.

    d.     Plaintiff knew how to use the tools provided to him on the date of the alleged injury.

    e.     The tools provided to Plaintiff on the date of the alleged injury were in good condition.

    f.     Defendants directed Plaintiff as to his duties on the day of the injury, as well as what he was to do and where he was to do it.

    g.     Plaintiff Garcia suffered pain as a result of the injury that is the subject of this suit.

    h.     As a result of the injury he sustained, Plaintiff Garcia has a reduced range of motion of the affected extremity.

    i.     Defendants were not subscribers to the Texas Worker's Compensation program.

**7.**    ***Contested Issues of Fact***

    a.     Did Plaintiff's alleged injury take place at the residence of Defendant Dwayne Tyner?

    b.     Does Plaintiff's alleged injury prevent him from working more than twenty (20) hours per week?

    c.     How limiting is Plaintiff's alleged injury?

    d.     Is Plaintiff's alleged injury the result of an "unavoidable accident"?

    e.     What damages, if any, did Plaintiff sustain.

**8.**    ***Agreed Propositions of Law***

    a.     N/A.

**9.**    ***Contested Propositions of Law***

    a.     Defendants' negligence.

    b.     Liability of Dwayne Tyner in his individual capacity.

**10.**    ***Exhibits***

See Attached.

**11.**    ***Witnesses***

See Attached

**12.**    ***Settlements***

All settlement efforts have been exhausted, and this case will have to be tried.

13. **_Trial_**

The trial of this case before a jury should last approximately 3-4 days.

14. **_Attachments_**

A. Proposed questions for the voir dire examination.

B. Proposed charge, including instructions, definitions, and special interrogatories, with authority.

---

UNITED STATES DISTRICT JUDGE

Date:_____

Approved:

Attorney-in-Charge, Plaintiff

Date: 2.25.04

Attorney-in-Charge, Defendant

Date: 2-25-04

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
|     Defendants. | § | |

## DEFENDANTS' EXHIBIT LIST

| EXHIBIT NO. | DESCRIPTION | ADM./EXD. |
|---|---|---|
| 1. | All medical records and reports relating to the alleged injury of Plaintiff Melquiades Garcia. | |
| 2. | All employment records of Plaintiff Melquiades Garcia as they relate to his employment with Defendants. | |
| 3. | All documents relating to the payment of medical expenses associated with the treatment of Plaintiff Garcia's alleged injury. | |

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
     C. Frank Wood
     State Bar No. 24028136
     Federal Bar No. 29870
     Dennis Sanchez
     State Bar No. 17569600
     Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **Exhibit List** has been served upon counsel listed below
☐ by placing a true and correct copy of same in the United States Mail, certified, return receipt
requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☒
by hand delivery, on this 27ᵗʰ day of February , 2004.

Ms. Chellis Neal Gonzalez and
Mr. Richard S. Hoffman
ATTORNEYS AT LAW
302 Kings Highway, Suite 112
Brownsville, Texas 78521
Fax No.: (956) 554-3248

                         C. Frank Wood

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | |

## DEFENDANTS' WITNESS LIST

1.   Mr. Dwayner Tyner
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:     (956) 831-4511
     Telecopier:    (956) 831-4224

2.   Mr. Joel Rodriguez
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:     (956) 831-4511
     Telecopier:    (956) 831-4224

3.   Mr. R.M. Caruthers
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:     (956) 831-4511
     Telecopier:    (956) 831-4224

4.   Ms. Sofia Garza
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:     (956) 831-4511
     Telecopier:    (956) 831-4224

5.    Mr. Martin Zamora
      VALLEY TRUCKING COMPANY, INC.
      4550 Coffee Port Road
      Brownsville, Texas 78521
      Telephone:    (956) 831-4511
      Telecopier:    (956) 831-4224

6.    Ms. Lisa Muir
      HCC ADMINISTRATORS, INC.
      P.O. Box 1009
      Northbrook, IL 60065-1009
      Telephone:    (800) 323-8121
      Telecopier:    (847) 753-7360

7.    Custodian of Records
      VALLEY DAY & NIGHT CLINIC
      3302 Boca Chica, Suite 109
      Brownsville, Texas 78521
      Telephone:    (956)982-1001

8.    Dr. Lynn Anderson
      VALLEY DAY & NIGHT CLINIC
      3302 Boca Chica, Suite 109
      Brownsville, Texas 78521
      Telephone:    (956)982-1001

9.    Dr. Mike Sweeney
      RENAISSANCE ORTHOPEDIC, P.A.
      1090 E. Alton Gloor Blvd.
      Brownsville, Texas 78521
      Telephone:    (956) 542-1850
      Telecopier:    (956) 542-2879

10.   Mr. Dennis Sanchez, Esq.
      SANCHEZ, WHITTINGTON, JANIS
      & ZABARTE, L.L.P.
      100 North Expressway 83
      Brownsville, Texas 78521-2284
      (956) 546-3731

11.   Mr. C. Frank Wood
      SANCHEZ, WHITTINGTON, JANIS
      & ZABARTE, L.L.P.

100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731

12.    Mr. Melquiades Garcia
       c/o Ms. Chellis Neal Gonzalez and
       Mr. Richard S. Hoffman
       ATTORNEYS AT LAW
       1718 Boca Chica Blvd.
       Brownsville, Texas 78520
       Telephone:     (956) 544-2345
       Facsimile:     (956) 982-1909


13.    Ms. Chellis Neal Gonzalez and
       Mr. Richard S. Hoffman
       ATTORNEYS AT LAW
       1718 Boca Chica Blvd.
       Brownsville, Texas 78520
       Telephone:     (956) 544-2345
       Facsimile:     (956) 982-1909

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
　　　C. Frank Wood
　　　State Bar No. 24028136
　　　Federal Bar No. 29870
　　　Dennis Sanchez
　　　State Bar No. 17569600
　　　Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Witness List** have been served upon counsel listed below ☐ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☒ by hand delivery, on this 27ᵗ day of *FEBRUARY*, 200*3*:4

Ms. Chellis Neal Gonzalez and
Mr. Richard S. Hoffman
ATTORNEYS AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 554-3248

_____
C. Frank Wood

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
|     Defendants. | § | |

### PLAINTIFF' WITNESS LIST

1.   Mr. Dwayner Tyner
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:   (956) 831-4511
     Telecopier:   (956) 831-4224

2.   Mr. Joel Rodriguez
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:   (956) 831-4511
     Telecopier:   (956) 831-4224

3.   Mr. Martin Zamora
     VALLEY TRUCKING COMPANY, INC.
     4550 Coffee Port Road
     Brownsville, Texas 78521
     Telephone:   (956) 831-4511
     Telecopier:   (956) 831-4224

4.    Custodian of Records
      VALLEY DAY & NIGHT CLINIC
      3302 Boca Chica, Suite 109
      Brownsville, Texas 78521
      Telephone:    (956)982-1001

5.    Dr. Lynn Anderson
      VALLEY DAY & NIGHT CLINIC
      3302 Boca Chica, Suite 109
      Brownsville, Texas 78521
      Telephone:    (956)982-1001

6.    Dr. Mike Sweeney
      RENAISSANCE ORTHOPEDIC, P.A.
      1090 E. Alton Gloor Blvd.
      Brownsville, Texas 78521
      Telephone:    (956) 542-1850
      Telecopier:    (956) 542-2879

7.    Dr. James Key
      VALLEY ORTHOPEDICS ASSN.
      5337 Padre Island Hwy.
      Brownsville, Texas 78521
      Telephone:    (956) 831-5767
      Telecopier:    (956) 831-5267

8.    Mr. Melquiades Garcia
      c/o Ms. Chellis Neal Gonzalez and
      Mr. Richard S. Hoffman
      ATTORNEYS AT LAW
      1718 Boca Chica Blvd.
      Brownsville, Texas 78520
      Telephone:    (956) 544-2345
      Facsimile:    (956) 554-3248

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
|     Defendants. | § | |

## DEFENDANTS' PROPOSED QUESTIONS
## FOR THE VOIR DIRE EXAMINATION

Defendants, DWAYNE TYNER and VALLEY TRUCKING COMPANY, INC., propose the following questions for the voir dire examination:

(1)     Does anyone know any of the following individuals:

        (a)     Mr. Dwayner Tyner

        (b)     Mr. Melquiades Garcia

        (c)     Mr. Joel Rodriguez

        (d)     Mr. R.M. Caruthers

        (e)     Ms. Sofia Garza

        (f)     Mr. Martin Zamora

        (g)     Ms. Lisa Muir

        (h)     Dr. Lynn Anderson

        (i)     Dr. Mike Sweeney

(2)     Does anyone know Richard S. Hoffman or anyone at his law office?



(3)     Does anyone know Chellis Neal Gonzalez or anyone at her law office?

(4)     Does anyone know Frank Wood or Dennis Sanchez or anyone at the firm of Sanchez, Whittington, Janis & Zabarte, LLP?

(5)     Does anyone have any legal training?

(6)     Does anyone have any experience working with or for an attorney?

(7)     Does anyone know or has anyone been treated by or is currently being treated by Dr. Lynn Anderson?

(8)     Does anyone know or has anyone been treated by or is currently being treated by Dr. Mike Sweeney?

(9)     Has anyone been to Valley Trucking Company, Inc. or worked for or with Valley Trucking Company, Inc.?

(10)    Have any of you ever had prior difficulties with Valley Trucking Company, Inc.?

(11)    Have any of you ever had prior difficulties with Dwayne Tyner?

(12)    Does/Has anyone heard or know about this incident?

(13)    Has anyone ever had an injury to their neck, back or shoulder that required medical treatment as a result of an accident or because of some other reason?

(14)    Has anyone ever been injured on the job or while working?

(15)    Has anyone ever made a prior claim or brought a lawsuit for personal injury wherein money damages were being sought as the result of an accidental injury?

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
    C. Frank Wood
    State Bar No. 24028136
    Federal Bar No. 29870
    Dennis Sanchez
    State Bar No. 17569600
    Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Proposed Voir Dire Examination Questions** have been served upon counsel listed below ☐ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☒ by hand delivery, on this 27ᵗʰ day of FEBRUARY , 2003. 4

Ms. Chellis Neal Gonzalez and
Mr. Richard S. Hoffman
ATTORNEYS AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 554-3248

_____
C. Frank Wood

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-03-101 |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

COME NOW, Defendants, DWAYNE TYNER and VALLEY TRUCKING COMPANY,

INC., by and through their attorneys, and submits this Proposed Jury Instructions and Verdict Form

as follows:



GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trail or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any a fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose, and I instructed you that you may

consider some documents as evidence against on party but not against another. you may consider such evidence only for the specific limited purpose for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inference from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and

conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as your are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberation.

<u>Source</u>:

Comm. On Pattern Jury Instructions, District Judges Association, Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.1 (1999).

## LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another. You may consider

such evidence only for the specific limited purpose for which it was admitted.

Source:

Comm. On Pattern Jury Instructions, District Judges Association, Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.15 (1999).

EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Source:

Comm. On Pattern Jury Instructions, District Judges Association, Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.19 (1999).

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.   Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented , under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read (shown) to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.


Source:

Comm. On Pattern Jury Instructions, District Judges Association, Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.23 (1999).

BURDEN OF PROOF

In this case, the plaintiff must prove every essential part of his or her claim by a preponderance of the evidence.

A preponderance of the evidence simply means a greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source:

Comm. On Pattern Jury Instructions, District Judges Association, Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.20 (1999).

## QUESTION 1

On the occasion in question was Melquiades Garcia acting as an employee of Valley Trucking Company, Inc.?

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished.

Answer "Yes" or "No".

Answer:_____

Source:

Comm. On Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury Charges 7.1, 7.8 (2000 ed.).

If you have answered Question No. 1 "Yes", then answer Questions No. 2.  Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

On the occasion in question, was Melquiades Garcia acting in the scope of his employment with Valley Trucking Company, Inc.?

An "employee" is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

Answer "Yes" or "No".

Answer:_____

Source:

Comm. On Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury Charges 7.6 (2000 ed.).

## QUESTION NO. 3

On the occasion in question, did the "negligence", if any, of those listed below proximately cause the injury of Melquiades Garcia?

"Negligence" means the failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care'" means the degree of care that would be exercised by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that, in a natural and continuous sequence, produces an event, and without which the event would not have occurred. In order to be a proximate cause, the act or omission must be such that a person exercising ordinary care would foresee that the event produced, or some similar event, might reasonably result from the act or omission. There may be more than one proximate cause of an event.

An occurrence may be an "unavoidable accident"; that is, an event not proximately caused by the negligence of any party to it.

If you find that the occurrence was an "unavoidable accident", then answer each of the following "No".

Answer "Yes" or "No" to each of the following:

Dwayne Tyner:_____

Valley Trucking Company, Inc.:_____

Melquiades Garcia:_____


Source:

*Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984); *Rudes v. Gottschalk,* 159 Tex. 552, 324 S.W.2d 201, 207 (1959); *Air Control Engineering, Inc. v. Hogan,* 477 S.W.2d 941, 945 (Civ.App.-Dallas 1972, no writ); *Dickson v. J. Weingarten, Inc.,* 498 S.W.2d 388, 391 (Civ.App.-Hous. [14th Dist.] 1973, no writ); *Tanner v. Karnavas,* 86 S.W.3d 737, 740-41 (Civ.App.-Dallas 2002, rehearing overruled).

Answer Question No. 4 only if you have found, in your answer to Question No. 3, that the negligence of Valley Trucking Company, Inc. or Dwayne Tyner or Melquiades Garcia proximately caused the injury made the basis of this suit. Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

What percentage of the negligence that caused the injury do you find to be attributable to each of those found by you, in your answer to Question No. 3, to have been negligent?

The percentages you find must total 100 percent and must be stated in whole numbers. The negligence attributable to a person is not necessarily measured by the number of acts or omissions found.

Answer by stating the percentage, if any, opposite each name.

Dwayne Tyner:_____

Valley Trucking Company, Inc.:_____

Melquiades Garcia:_____

TOTAL:<u>100%</u>

<u>Source</u>:

Texas Rule of Civil Procedure 277; Texas Civil Practice & Remedies Code 33.003.

Answer Question No. 5 only if you have found, in answer to Question No. 3, that the negligence of Valley Trucking Company, Inc. or Dwayne Tyner proximately caused the injury made the basis of this suit. Otherwise, do not answer Question No. 5.

### QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Melquiades Garcia for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents, for damages, if any.

a.    Reasonable medical care and expenses in the past.

Answer:_____

b.    Reasonable and necessary medical care and expenses in the future.

Answer:_____

c.    Physical pain and suffering and mental anguish in the past.

Answer:_____

d.    Physical pain and suffering and mental anguish in the future.

Answer:_____

Source:

Comm. On Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury Charges PJC 8.2 cmt. (2000 ed.).

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 -- Telephone
(956) 546-3765 -- Telecopier

By: _____

    C. Frank Wood
    State Bar No. 24028136
    Federal ID No. 29870
    Dennis M. Sanchez
    State Bar No. 17569600
    Federal ID No. 1594


ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER


## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **Proposed Jury Instructions and Verdict Form** has been served upon counsel listed below ☐ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☒ by hand delivery, on this _27th_ day of _FEBRUARY_, 2004:

Mr. Richard S. Hoffman
Ms. Chellis Neal Gonzalez
ATTORNEY AT LAW
302 Kings Highway, Suite 112
Brownsville, Texas 78521
Fax No.: (956)554-3248

    C. Frank Wood